IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KENNETH D. SEAGROVES,**

    **Plaintiff,**

vs.                                                               Civ. No. 07-216 RLP

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security Administration,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER**
**DENYING AS MOOT PLAINTIFF'S TO ENFORCE ORDER OF REMAND**

**THIS MATTER** comes before the Court on Plaintiff's *Motion for Enforcement of Order of Remand*, filed March 23, 2009.  (Docket No. 28).  Plaintiff sought an Order from this Court directing the Commissioner to issue an administrative decision, ruling on his pending application for disability benefits.  The administrative decision Plaintiff seeks was issued on April 10, 2009, and denied Plaintiff's claim for benefits.   (Docket No. 31, Ex. B).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion is **Denied as Moot**.

Plaintiff also seeks an award of attorneys fees pursuant to the Equal Access to Justice Act, (EAJA), 28 U.S.C.A. § 2412(d).

The EAJA applies to social security actions, **Blanchette v. Heckler**, 586 F.Supp. 903, 906 (D.Colo.1984), and provides:

> ... a court shall award to a *prevailing party* ... fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C.A. § 2412(d)(1)(A). (Emphasis added).

Plaintiff originally filed this suit on March 6, 2007.  (Docket No. 1).  On October 15, 2007

Defendant filed an unopposed Motion to Remand for further administrative proceedings, pursuant to sentence four, of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). (Docket No. 20). An Order of Remand was entered on October 17, 2007. (Docket No. 21). Plaintiff was subsequently awarded EAJA fees for the services of his attorney before this court.

Plaintiff represents that the administrative hearing required by the Order of Remand was held on March 5, 2008. Thereafter a consultative examination was performed at the request of the Administrative Law Judge ("ALJ") on April 27, 2008. On February 5, 2009, no decision had been issued, and Plaintiff's counsel wrote to the ALJ advising of his intent to seek court intervention if her decision was not received by March 4, 2009.

Defendant represents that Plaintiff's counsel communicated its counsel on March 9, 2009, informing him that no decision ad been received, and that Defendant's counsel then contacted the Regional Chief ALF's Office of Disability Adjudication about this oversight. Defendant further represents that he advised Plaintiff's counsel that a decision would be issued shortly.

As previously stated, Plaintiff filed the instant Motion of March 23, 2009, and the ALJ's decision was issued on April 10, 2009,

Plaintiff argues that he is entitled to EAJA fees because his motion prompted the Social Security Administration to issue a decision. A "prevailing party" is one who achieves a "material alteration of the legal relationship of the parties" which is "judicially sanctioned." **Buckhannon Bd. & Care Home, Inc. v. W. Va.Dep't of Health & Human Res.**, 532 U.S. 598, 604-05 (2001). [1] Buckhannon involved claims brought under the Americans With Disabilities Act and the Fair

---

[1] In **Buckhannon**, the United States Supreme Court held that "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change." **Buckhannon**, 532 U.S. at 600, 605.

Housing Amendments Act.  **Buckhannon** holds  that the term "prevailing party" as utilized in federal fee-shifting statutes does not include parties who achieved the desired result of their lawsuit based solely upon a voluntary change in a party's conduct. Id. at 600.  **Buckhannon** is applicable to claims for EAJA fees against the Social Security Administration.  **McKay v. Barnhart**, 327 F.Supp.2d 263, 265 (S.D.N.Y.2004)[2]

Through the filing of the instant motion, Plaintiff did not achieve a judicially sanctioned alteration of his legal relationship with the Social Security Administration or achieve the desired result of his lawsuit.  Additionally, the Social Security Administration voluntarily issued the admittedly belated decision of the ALJ.

Accordingly,  I find that Plaintiff is not a prevailing party under the Equal Access to Justice Act.

**IT IS THEREFORE ORDERED** that Plaintiff's request for fees under the  Equal Access to Justice Act is **Denied.**

                                                    Richard L. Puglisi
                                                    United States Magistrate Judge

---

[2]The **McKay** Court noted that **Buckhannon** does not change the prior rule that "a remand under sentence four of 42 U.S.C. § 405(g) ... is a final judgment that qualifies a plaintiff for prevailing party status," **citing Shalala v. Schaefer**, 509 U.S. 292, 302, 113 S.Ct. 2625, 2631-32 (1993), and that " **Buckhannon** did not disturb the holding in **Schaefer** that a plaintiff who is awarded a § 405(g) sentence-four remand is a prevailing party." **McKay v. Barnhart**, 327 F.Supp.2d at 266-67.